[Crim. No. 2905.   Third Dist.   Mar. 2, 1959.]

THE PEOPLE, Respondent, v. CECIL PEARSON et al., Defendants; LEONARD CASTILOW, Appellant.

Irvine P. Dungan, under appointment by the District Court of Appeal, for Appellant.

No appearance for Respondent.

SCHOTTKY, J.—Defendant Leonard Castilow was found guilty by a jury of the crime of burglary in the second degree. He has appealed from the judgment entered upon the verdict.

Upon appellant's request this court appointed Irvine P. Dungan of the Sacramento Bar to represent him upon this appeal. Mr. Dungan has informed this court that after an examination of the record and an interview with appellant it is his conclusion that there is no merit in the appeal. We have made a careful study of the record and agree with Mr. Dungan's conclusion.

The evidence discloses that sometime after 11 p.m., the evening of February 28, 1958, the Hoosier Inn in Stockton was forcibly entered. The burglars entered through a rear door. They ransacked part of the interior. The office of the business was also ransacked. The door of a desk which was padlocked was pried open. In prying open the desk door a deep mark was made in the wood which indicated that the mark was made with a tool with a round shaft. Two rolls of pennies, a roll of nickels, and a roll of dimes and an envelope containing three unsigned checks were missing after the burglary.

About 11:55 p.m. two Stockton police officers were driving on Center Street, in the city of Stockton, when one of the officers observed two men standing in the doorway of a grocery store which was closed. The officers drove around the block, and on their return they observed that the men were gone. The police checked the area and two blocks away they found Castilow and a Cecil Pearson. Two rolls of coin were found in Pearson's pocket. A crowbar was stuffed down his trousers. A screwdriver was tucked under Castilow's shirt. Pieces of torn coin wrappers were found in the gutter and on the floor of Pearson's car. Mixed among a handful of change which was found in the jacket of Castilow's pocket was a torn piece of paper which could have been from a wrapper. The screwdriver taken from Castilow fit into the pry mark on the desk.

Cecil Pearson, who was charged jointly with appellant and who pleaded guilty, testified that about 10:30 p.m. he and Castilow drove around in his (Pearson's) car. About 11:30 p.m. they drove to the rear of the Hoosier Inn and entered. He had a crowbar and Castilow had a screwdriver which he had taken from some tools in Pearson's car. They went into the room where the desk was located where Castilow started prying on the desk with the screwdriver. After the desk was opened, Pearson picked up the rolls of coin and the checks, and later he broke open a roll of nickels and gave some to Castilow.

Castilow testified on his own behalf. He denied complicity

in the crime. He claimed he won the change found in his jacket pocket in a crap game. He also stated that he picked up the screwdriver during the game. He further testified that he was with Pearson at various times after 4:30 p.m. He met Pearson about 10:30 p.m. at a beer garden where they drank one or two beers. He claimed that the two left and rode out to a friend's home, but since he was not home they returned and then decided to drive out to another friend's house and on the way they stopped and were apprehended by the police.

█ Pearson was the principal witness for the People, and the only question that merits consideration upon this appeal is whether or not the testimony of Pearson, who was an accomplice, was sufficiently corroborated. We are satisfied that it was. Castilow was found in possesson of a tool which could have been used in the crime; coins were found in his pocket, plus a piece of paper which could have been a torn piece of coin wrapper; and his testimony as to his actions permits the inference that he was with Pearson at the time the crime was committed. We believe that this evidence tends to corroborate the testimony of Pearson that appellant aided in the commission of the burglary.

█ As stated in *People* v. *Henderson*, 34 Cal.2d 340, at page 342 [209 P.2d 785] :

"Section 1111 of the Penal Code requires corroboration of an accomplice's testimony by such other evidence as shall tend to connect the defendant with the commission of the offense, and provides that corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

"Although the corroborating evidence must raise more than a conjecture or suspicion of guilt, it is sufficient if it connect the defendant with the commission of the crime in such a way as reasonably to satisfy the fact finding body that the accomplice is telling the truth. (*People* v. *Trujillo*, 32 Cal.2d 105, 110-111 [194 P.2d 681].) █ The evidence of inculpatory participation need not be direct nor extend to every fact and detail. It may be circumstantial and is sufficient, even though slight, if it tend to connect the defendant with the commission of the crime. (*People* v. *Negra*, 208 Cal. 64, 69-70 [280 P. 354] ; *People* v. *Yeager*, 194 Cal. 452, 473 [229 P. 40].)"

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.